IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIH HUSSEIN ZABADI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MICHAEL CHERTOFF, in his Official Capacity, Secretary, Department of Homeland Security; ALBERTO GONZALES, in his Official Capacity, Attorney General, Department of Justice; and NANCY ALCANTAR, Field Office Director, San Francisco, CALIFORNIA, United States Bureau of Immigration and Customs Enforcement,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　　　　／ | No. C 05-01796 WHA<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　In this petition for writ of habeas corpus, petitioner Samih Hussein Zabadi challenges the lawfulness of his detention by the Department of Homeland Security pending the outcome of his deportation proceedings. Petitioner asserts that he is currently being detained in violation of the federal Due Process Clause by virtue of the automatic stay of his bail pursuant to 8 C.F.R. 1003.19(i)(2). This order agrees, and the petition is **GRANTED**.

*　　*　　*

　　　　The issue presented is whether 8 C.F.R. 1003.19(i)(2) violates the Due Process Clause of the Fifth Amendment and/or is *ultra vires*. This order finds 8 C.F.R. 1003(i)(2) unconstitutional because the regulation invoked by the Bureau of Immigration and Customs

1  Enforcement (BICE) for an automatic stay of Immigration Judge Dana L. Marks' bond decision
2  violates both petitioner's substantive and procedural due process rights under the
3  Fifth Amendment.  Furthermore, this order finds the regulation *ultra vires* because it eliminates
4  the discretionary authority of immigration judges to determine whether an individual may be
5  released, thereby exceeding the authority bestowed upon BICE by Congress under Chapter
6  236(a) of the Immigration and Nationality Act, 8 U.S.C. 1226(a).  *See Morales-Izquierdo v.*
7  *Ashcroft*, 388 F.3d 1299, 1305 (9th Cir. 2004).
8     The following decisions have held the automatic-stay regulation unconstitutional:
9  *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1071 (N.D. Cal. 2004); *Ashley v. Ridge*, 288 F. Supp. 2d
10 662, 668–75 (D.N.J. 2003); *Uritsky v. Ridge*, 286 F. Supp. 2d 842, 846–47 (E.D. Mich. 2003);
11 *Bezmen v. Ashcroft*, 245 F. Supp. 2d 446, 450 (D. Conn. 2003); and *Altamonte-Vargas v.*
12 *Elwood*, 2002 WL 1471555 (E.D. Prior art. June 28, 2002).  The government has appealed none
13 of these decisions.
14    Other decisions found the automatic-stay regulation constitutional:  *Pisciotta v.*
15 *Ashcroft*, 311 F. Supp. 2d 445 (D.N.J. 2004); *Marin v. Ashcroft*, No. 04-CV-675 (D.N.J.
16 Mar. 17, 2004); *Perez-Cortez v. Maurer*, No. 03-–2244 (D. Colo. Nov. 20, 2003);
17 *Inthathirath v. Maurer*, No. 03-–2245 (D. Colo. Nov. 20, 2003); and *Alameh v. Ashcroft*,
18 No. 03-6205 (D.N.J. Jan. 6, 2004).
19    The Court agrees with the reasoning of Judge Jeffrey White of the Northern District of
20 California in *Zavala* and disagrees with the court in *Pisciotta*.  The *Pisciotta* court was under
21 the misimpression that 8 C.F.R. 1003.19(i)(2) provides a finite time frame in which the
22 Board of Immigration Appeals (BIA) must resolve a case.  See *Pisciotta*, 311 F. Supp. 2d at
23 455.  *Pisciotta* mistakenly found that "the BIA has a 90 or 180 day *deadline* by which it *must*
24 resolve the case" (*ibid.* emphasis added).  The 90– or 180–day period in fact provides the
25 government only with a *guideline* by which it *should* resolve a case.  Likewise, the *Marin* and
26 *Alameh* courts were mistakenly under the impression that the automatic-stay regulation
27 provides a definite termination point.  *See Marin*, No. 04-CV-675 at 3; *Alameh*, No. 03-6205 at
28 21.  *Perez-Cortez* and *Inthathirath* provided no analysis.

2

In addition to what was said earlier and the reasoning set forth in *Zavala*, the order addresses the government's arguments below.

*First*, this order rejects the government's argument that 8 C.F.R. 1003.19(i)(2) does not violate substantive due process because the government is not required to employ the least burdensome means to accomplish its goal pursuant to *Kim*. This order acknowledges that *Kim's* holding provides that the government need not apply the least restrictive means when dealing with deportable aliens. Insisting on some outside time limit is not the same as insisting on the least restrictive means. In this Court's view, for example, the present regulation would be constitutional if detention at the behest of the prosecutor was limited to a period short enough, such as a week, perhaps more, to allow the prosecutor to seek emergency relief under 8 C.F.R. 1003.19(i)(1).

*Second*, the government argument argues that 8 C.F.R. 1003.19(i)(2) does not violate procedural due process because the IJ is a delegate of the Attorney General who has decided by regulation that additional safeguards may be necessary to protect the public from potentially dangerous aliens. Here the prosecutor who argued to IJ Marks that Zabadi should be detained is the same individual who determined that Zabadi's bond determination should be automatically stayed pursuant to Section 1003.19(i)(2). This procedure impermissibly merges the functions of adjudicator and prosecutor. *See Marcello v. Bonds*, 39 U.S. 302, 305-06 (1955).

*Third*, this order disagrees with the government's assertion that the implementation of Section 1003.19(i)(2) does not run a substantial risk of erroneous deprivation. The government contends that the limited duration of detainment and the opportunity to fully brief arguments in support of the IJ's decision to the BIA significantly reduces deprivation of liberty (Opp. 17). Nonetheless, the order agrees with *Zavala* that the ability of the government to overturn or nullify an IJ's bail determination pending appeal without having to make a showing creates a risk of erroneous deprivation of the liberty interest (*Zavala*, 310 F. Supp. 2d at 1078).

*Fourth*, this order rejects the government's argument that holding Section 1003.19(i)(2) invalid will effectively bar United States Immigration and Customs Enforcement in immigration cases proceeding on the West Coast, "from filing a stay request due [sic] the time difference and

1  this significantly increases the period during which the alien may be released" (Chertoff Opp.
2  17). The government has presented no authority for this argument. Moreover, the *Zavala* court
3  considered, but rejected the government's safety concerns, noting that the government may still
4  seek an emergency stay under 8 C.F.R. 1003.19(i)(1) (*Zavala*, 310 F. Supp. 2d at 1079).

*Fifth*, regarding the *ultra vires* issue, the government asserts that 8 C.F.R. 1003.19(i)(2) creates no new class of mandatory detention and is therefore not invalid. The government argues that the Immigration and Nationality Act places no limits on the Attorney General's and the Secretary of the Department of Homeland Security's authority to make discretionary judgments with respect to whether an alien may be detained for the BIA to review a bond appeal. Zabadi, however, is not challenging the Attorney General's and Secretary of the Department of Homeland Security's discretionary authority. Rather, he is arguing that 8 C.F.R. 1003.19(i)(2) is *ultra vires* because Congress requires only certain immigrants, those falling under 8 U.S.C. 1226(c), to be subject to mandatory detention and places all other immigrants under 8 U.S.C. 1226(a), entitling them to an individualized bond determination by the immigration court. Because Zabadi falls under 8 U.S.C. 1226(a), the automatic-stay regulation in his case deprives the immigration court of its congressionally-conferred power to determine bond, and is therefore *ultra vires*.

\*      \*      \*

On a completely different point, the government argues that the Court must dismiss the habeas petition because Zabadi has not named the proper respondent. Specifically, the government contends that because Zabadi is in the custody of the Santa Clara County Jail, as a contract facility with respondents, the only proper respondent in this habeas petition is the warden of that facility, Captain Toby Wong, a county employee (Opp. 7; Reply 14–15). This order finds that the proper custodians were named in accordance with *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718 (2004). *Padilla* found that "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held" (*ibid.*), but "left open" the issue of proper respondent when a habeas petition is filed by an alien detained pending deportation. The

4

1  key is that one district director has been named.  There is no risk of forum shopping.  The
2  district director has full authority to direct the local warden to release petitioner.

                              *       *       *

4       For the foregoing reasons, the instant petition for habeas corpus relief is **GRANTED**.
5  This order adopts the reasoning set forth in *Zavala v. Ridge.*  Accordingly, this Court finds the
6  automatic-stay provision 8 C.F.R. 1003.19(i)(2) unconstitutional.  This ruling does not leave the
7  government without an administrative remedy.  The government may still seek emergency-stay
8  relief under 8 C.F.R. 1003.19(i)(1).

9       This Court therefore **VACATES** the automatic stay of IJ Mark's bail determination dated
10 April 25, 2005.  The automatic stay will be dissolved effective Friday, June 24, 2005 at
11 12:00 p.m.  This one-week stay of this order will afford the government an opportunity to seek
12 from the BIA an emergency stay under 8 C.F.R. 1003.19(i)(1).  Alternatively, the government
13 may appeal to the Ninth Circuit.  If the government does not obtain an emergency stay by
14 Friday, June 24, 2005, respondents are **ORDERED** to release petitioner immediately upon the
15 posting of the $2,500 bond set forth by Judge Marks.

17      **IT IS SO ORDERED.**

19 Dated: June 17, 2005.

                                             WILLIAM ALSUP
                                             UNITED STATES DISTRICT JUDGE