IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIH HUSSEIN ZABADI,<br><br>  Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF, in his Official Capacity, Secretary, Department of Homeland Security; ALBERTO GONZALES, in his Official Capacity, Attorney General, Department of Justice; and NANCY ALCANTAR, Field Office Director, San Francisco, CALIFORNIA, United States Bureau of Immigration and Customs Enforcement,<br><br>  Respondents.<br>_____/ | No. C 05-01796 WHA<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS AND VACATING HEARING** |

Petitioner brings this motion for leave to supplement his petition for writ of habeas corpus under Federal Rule of Civil Procedure 15(d). Petitioner asserts that his mandatory detention under 8 U.S.C. 1226(c) violates his due process rights. This order **DENIES** the motion.

\*     \*     \*

The Immigration and Customs Enforcement stayed an immigrations's judge decision to release petitioner from ICE custody on a bond during his removal proceedings, pursuant to 8 C.F.R. § 1003.19(i)(2). Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. 2241, challenging the constitutionality of 8 C.F.R. § 1003.19(i)(2). This Court issued an order and a judgment on June 17, 2005. The final order held 8 C.F.R. § 1003.19(i)(2) unconstitutional but afforded the government an opportunity to seek an emergency stay of the

immigration judge's custody decision from the BIA under 8 C.F.R. 1003.19(i)(1). Consequently, the ICE sought an emergency stay from the BIA under 8 CFR 1003.19(i)(1) (Shugall Decl. Exh. B). The BIA granted the emergency stay and vacated the immigration judge's custody determination. In its order, the BIA determined that Zabadi is an aggravated felon and, therefore, subject to mandatory detention under 8 U.S.C. 1226(c) (Shugall Decl. Exh. D). Petitioner now moves, pursuant to FRCP 15(d), for leave to file a supplemental pleading to challenge the government's reliance on 8 U.S.C. 1226(c) to detain him.[1]

Federal Rule Civil Procedure 15(d) states in relevant part:

> Upon motion of party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Supplemental pleading cannot be used to introduce a "separate, distinct and new cause of action" where the original action between the parties has reached a final resolution and the district court does not retain jurisdiction. *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). This order denies petitioner's motion for leave to file a supplemental habeas petition for the following reasons.

*First*, the supplemental habeas petition filed by petitioner involves a new and distinct action that can be the subject of a separate habeas petition. Although both the original petition and the supplemental petition challenge petitioner's detention on the basis of constitutionality, the supplemental petition challenges a different statute than the statute petitioner challenged in the original petition. In the original petition, petitioner challenged successfully C.F.R. 1003.19(i)(2); in the proposed supplemental petition, petitioner challenges 8 U.S.C. 1226(c).

*Second*, a final judgment has been rendered in the original habeas petition in favor of petitioner and against the government. That judgment was not appealed. Rather than appealing, the government, chose to seek an emergency stay of the immigration judge's custody

---

[1] As part of this motion for leave to supplement the habeas petition, petitioner requests leave to join Toby Wong, Correctional Captain, Santa Clara County, as a defendant-respondent in this action. The Court's June 17, 2005 order disposed of this issue, holding that the immigration officials named were proper respondents for the purposes of petitioner's habeas action (Order 4-5).

2

decision from the BIA under Section 1 of 8 C.F.R. 1003.19(i). While the government's time for appeal has not run, the issue of appeal is moot. Therefore, the original petition would not even be affected by plaintiff's supplemental petition.

Petitioner relies on *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988), to support his position that the Court should grant him leave to supplement his habeas petition even though a judgment has been entered. *Keith* is clearly distinguishable. *Keith* did not reach a final resolution. The parties entered into a consent decree that outlined the parties' future duties and the district court, despite rendering a final judgment approving the consent decree, retained jurisdiction over later developments in the case. Here, judgment has been entered and no jurisdiction has been retained. While petitioner notes that the original petition remains "open" on the Court's docket (Pet. Mot. At 7), whether or not the Clerk has administratively "closed" the petition, is irrelevant; the case is closed.

Having decided that the original habeas is a separate and closed action, this order now turns to the question of whether there are any "technical obstacles" to petitioner bringing a new, separate action to challenge his detention on the merits. *See United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963). Here, petitioner faces no technical obstacles to bringing a new, separate action to challenge the constitutionality of his present detention status.

For the foregoing reasons, petitioner's motion for leave to file a supplemental petition for writ of habeas is denied without prejudice to petitioner filing a new habeas petition. The hearing scheduled for August 18, 2005 is vacated.

**IT IS SO ORDERED.**

Dated: August 15, 2005.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3